**In Re Susan Marie LANDIS, Debtor.**

**Bankruptcy No. 2–79–03257.**

United States Bankruptcy Court,
S. D. Ohio, E. D.

Jan. 30, 1980.

---

Mitchel D. Cohen, Columbus, Ohio, for debtor.

Larry E. Staats, Columbus, Ohio, trustee debtor.

## FINDINGS, OPINION AND ORDER ON FEES TO ATTORNEY FOR DEBTOR

G. L. PETTIGREW, Bankruptcy Judge.

This matter came on for hearing on the Court's own motion to examine the fees due to the debtor's attorney, the possible unau-

---

thorized practice of law, and the issue of civil contempt of court. Because of the facts stated below, it is not necessary for the Court to address itself to the question of civil contempt or the question of unauthorized practice of law. This matter is limited to the reasonable value of services rendered by the attorney for the debtor.

The facts in this case establish that Mitchel D. Cohen, Esq., was employed by the debtor for representation in connection with the instant bankruptcy case. The representation included the initial interviews, preparation of pleadings, representation at the 11 U.S.C. § 341 meeting and subsequent hearings before the Court, including a discharge hearing. At the time of the § 341 meeting of creditors, the debtor, trustee, and Mrs. Adelynn Van Aernum were present. Mrs. Van Aernum sat with the debtor at counsel table. Mrs. Van Aernum is a non-lawyer and was employed by Mr. Cohen as a clerical assistant. Just before the meeting of creditors began, Mr. Cohen stated that he decided to put his employee at counsel table as a teaching experience for her to impress upon her the necessity for complete and accurate information concerning the debtor's finances. Further, he stated that he took a seat in the back of the courtroom. At no time did Mrs. Van Aernum represent that she was the attorney for the debtor. Mrs. Van Aernum was put in the position she occupied during the meeting of creditors by her employer, Mr. Cohen. Further, she did not act with contempt for the Bankruptcy Court.

The only issue before this Court is the reasonable value of the services rendered by the attorney for the debtor since he did not represent the debtor at the § 341 meeting of creditors. The debtor's counsel questions whether a 341 meeting is a judicial proceeding such that a lawyer is required to attend. In the instant case, the lawyer's contract included services to be rendered at this meeting of creditors. Therefore, the Court does not need to address the issue of whether a lawyer is required to attend.

The facts in this case establish that the attorney for the debtor, while in the 341 meeting room, did not conduct himself in such a way as to represent the debtor at that 341 meeting of creditors in an appropriate professional manner. Therefore, the attorney for the debtor did not complete his contract for services with the debtor. This Court determines that as a result of the counsel's failure to represent his client at the § 341 meeting of creditors, he is ordered to refund and pay over to the trustee the sum of $65.00, which was paid by the debtor for services not rendered by his counsel.

IT IS SO ORDERED.